## SLOAN v. MOFFATT.

1. **Contract:** DOWER: DISTRIBUTION OF ESTATE. Where an agreement between the husband and children of decedent stipulated that the former should have for his share of the estate a third of the proceeds of certain notes, estimated at par, and one of the latter a fixed sum to be paid from the same source, and the notes failed to realize the amounts required to satisfy the terms of the agreement, it was *held*, that the amount realized should be distributed in the proportion of the respective shares.

*Appeal from Dallas Circuit Court.*

### TUESDAY, OCTOBER 5.

The plaintiff claims of defendant $400, which she alleges is due her, by agreement, as her share of the estate of Rachel Moffatt, deceased. Defendant admits there is due plaintiff the sum of $35.08, for which sum he offered in his answer to confess judgment. The case was transferred to the chancery docket, and was tried as a chancery cause. The court rendered judgment for plaintiff for $35.08 and costs. Plaintiff appeals. The facts are stated in the opinion.

*Willard, Calvert & Hopper*, for appellant.

One who assumes to act in relation to trust property without authority, however *bona fide* his conduct, is responsible both for the capital and income to the same extent as if he had been *de jure* trustee. (Story's Eq. Jur., § 1261 c.) No change of form in trust property can divest it of the trust, and no abuse of the trust can confer rights on the party abusing it, or those claiming in privity with him. (Id., § 1258.) When a trustee or any one acting in a fiduciary relation makes a profit out of a transaction within the scope of his agency or authority, that profit belongs to the *cestui qui trust*. (Id., § 1261.) The decree of a court of equity must be founded on some matter put in issue between the parties. It cannot go outside of the allegations and evidence. (*Stuart v. Mechanics' & Farmers' Bank*, 19 Johns., 505; *Richardson v. Bar-*

*rick*, 16 Iowa, 410; *Hale v. Walker*, 31 Id., 354; *Woolsey v. Williams*, 34 Id., 413.) A compromise of conflicting interests is a sufficient consideration to support a contract for their settlement. (*Crans v. Hunter*, 28 N. Y., 393; *Russell v. Cook*, 3 Hill, 504; *Stewart v. Ahrenfelt*, 4 Denio, 189.) An estoppel must be pleaded to be available. (*Ransom & Co. v. Stanberry*, 22 Iowa, 334.) A written contract cannot be varied or changed by parol evidence. (*Gelpcke v. Blake*, 15 Iowa, 387; *Atherton v. Drummond*, 33 Id., 354; *Pierce v. Walker*, 23 Id., 427.)

*Nourse & Kauffman* and *J. Perkins*, for appellee.

In the distribution of the funds of an estate, the party who relinquishes a right of dower is not compelled to suffer an abatement of the amount to which he is entitled, in case of a deficiency. (*Hubbard v. Hubbard*, 6 Met., 50; *Pollard v. Pollard*, 1 Allen, 490; *Williamson v. Williamson*, 6 Paige, 298; Redfield on Wills, Vol. II, 2d ed., 453; Williams on Executors, §§ 1228–9; *Wood v. Vandenburgh*, 6 Paige, 277.) One who has permitted another to incur a liability for a sum which the latter supposed he was entitled to receive, is estopped to afterwards deny the latter's right thereto. (*Hopson's Ex. v. Com.*, etc., 7 Ky., 644.)

DAY, J.—In July, 1873, Rachel Moffatt died, leaving D. H. Moffatt, her husband, and Ann E. Sloan, Margaret J. Snyder, Flora M. Holland, and F. T. Frush, her children by a former marriage, her only heirs. She left real and personal estate of the value of about $4,000. The principal part of the personal estate consisted of notes on one James Carpenter, secured by a mortgage on real estate, which Carpenter, after executing the mortgage, sold to John F. Hill.

Before her death, Rachel Moffatt transferred the note first maturing to one Tawny, who obtained a judgment thereon and a decree of foreclosure.

At the time of Rachel Moffatt's death, an action was pending on the remaining notes. In order to settle the estate and avoid litigation, the husband and children entered into a stipu-

lation that D. H. Moffatt should have as his entire share of the estate, including his interest as dower, out of the notes then in suit, the sum of $1,366.66, being one-third the estimated value of the entire real and personal estate. It was further agreed that he should have the additional sum of $100, for which he was to pay the debts of the estate and the funeral expenses, amounting to about that sum.

It was agreed that Ann E. Sloan, the plaintiff, should have of the proceeds of said notes $400, and that the remainder should be equally divided between Margaret J. Snyder and Flora M. Holland. It was further agreed that Flora M. Holland and Margaret J. Snyder should have the homestead place and the household goods and furniture, and that F. T. Frush had received his full share of the estate, and should make no further claim.

Afterward, upon motion, the action pending upon the notes at the time of Rachel Moffatt's death was continued in the name of her husband and children, and judgment was rendered for the sum of $2,263.78 upon the notes, and for the further sum of $193, taxes paid on the mortgaged premises by D. H. Moffatt, and the mortgage was foreclosed.

Afterward D. H. Moffatt purchased the Tawny judgment, which was a prior lien upon the premises, and caused forty acres of the mortgaged land to be sold, bidding the same off for $800.

After satisfying this judgment and paying the costs, there remained to apply upon the judgment entered on the remaining notes the sum of $123.09, which was so applied.

Afterward the remaining land was sold, subject to redemption, to D. H. Moffatt for $1,750, out of which the costs, taxes, attorneys' fees, and other charges were deducted, leaving as the net proceeds, in connection with the amount realized on the former sale, the sum of $1,502.04, to apply upon the judgment in favor of the heirs. Before the time for redemption expired, an arrangement was made between Moffatt and Hill, whereby the land was sold for $3,000, Hill receiving $200 for his equity of redemption, and quit claiming to Moffatt, who deeded to the purchaser.

The defendant's position is that, inasmuch as the sum which it was agreed he should receive out of the notes was in lieu of his dower, he is entitled to precedence, and that his claim must be satisfied in full, before anything is applied to that of plaintiff.

The plaintiff, upon the other hand, claims that she is at least entitled to *pro rata* payment, and further that, as the land was sold subject to redemption, and the equity of redemption was purchased by Moffatt, and the land sold, Moffatt should be charged with the whole sum of $3,000, realized from the sale. The court below held that Moffatt was entitled to precedence, and entered judgment for the amount realized at the sheriff's sales in excess of the sum necessary to discharge defendant's claim.

<div style="margin-left: 2em;">1. CONTRACT: dower: distribution of estate.</div>

About half, if not more than half, the entire estate of Rachel Moffatt was represented by the notes and mortgage in question. These seem to have been estimated at their full value, and upon that basis D. H. Moffatt was allowed in the agreement one-third of the entire estate. Now, it is too obvious for argument that if these notes, amounting at the time judgment was rendered to more than $2,200, realize only enough to pay the sum which it was stipulated D. H. Moffatt should have, he ought not to be allowed to satisfy his claim in full, and to throw the whole loss upon the other heirs. For if he can do this, it is apparent that he gets more than one-third the estate.

There is nothing in the agreement which tends to support the position that D. H. Moffatt is to have the entire amount of his claim to the exclusion of plaintiff, if there should not be enough to pay both. The agreement places both upon an equality, and stipulates that they shall be paid out of these notes. We feel satisfied that the basis of the judgment below is wrong.

The arrangement between Moffatt and Hill, through which Hill was paid $200 for the equity of redemption, placed that much property beyond the reach of plaintiff, to which she was entitled. It is right, therefore, that Moffatt should be charged with that amount in addition to his bids upon the property,

making the whole amount with which he is properly charge-able $2,750. As an offset to this he is entitled to the Tawny judgment, costs on both judgments, taxes paid, attorney's fees, amount paid for abstract and amount to which he is entitled for funeral expenses and payment of debts, in all $1,180.52, leaving for application upon his own claim, and that of plaintiffs, $1,569.14. This is to be applied in the proportion of their respective claims.

Upon this basis, plaintiff is entitled to $355.27. For that amount she will have judgment in this court.

Reversed.